IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:99-cr-00029-MP-AK

KIER ELGIN RILEY,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 194, Report and Recommendation of the Magistrate Judge, recommending that Defendant Riley's Motion to Vacate under 28 U.S.C. § 2255 be denied. The Magistrate Judge filed the Report and Recommendation on Wednesday, June 21, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Defendant has filed objections to the Magistrate's Report, Doc. 195. In his objections, Defendant argues that his conviction should be set aside because of the ineffective assistance of trial and appellate counsel. As the Magistrate correctly explains, under Strickland v. Washington, 466 U.S. 668 (1984), in order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that the performance of counsel was below an objective and reasonable professional norm, and that this deficient performance resulted in prejudice to the defendant–"but for counsel's unprofessional errors, the result would have been different." Id. at 694. Because Defendant's objections fail to establish either deficient performance or prejudice,

Defendant has accordingly failed to demonstrate a constitutional deprivation of effective assistance of either trial or appellate counsel.

First, Defendant alleges that his trial counsel, Mr. Africano, denied him the constitutional right to testify in his own defense by threatening to withdraw from the representation if Defendant chose to testify. As the Magistrate notes, although Mr. Africano is now deceased, the affidavit submitted by Mr. Africano's co-chair, Ms. Christina Neito Johnson Seifert, describes several discussions between the Defendant and Mr. Africano concerning the decision to testify at which she was present. Ms. Seifert states: "At no time did I ever witness Mr. Africano issue Mr. Riley a 'mandate' that he would not take the stand. Rather, I saw Mr. Africano discuss the pros and cons of Mr. Riley taking the stand, and Mr. Riley elected not to exercise that right after discussing such with Mr. Africano." (Doc. 187, Ex. A). Thus, Defendant fails to meet the burden of establishing objectively deficient performance of counsel. Further, Defendant cannot establish any prejudice arising from this alleged deficient performance. The Court advised Defendant of the full scope of his right to take the stand, what the right to testify or not to testify entailed, and that the decision to testify was personal to the Defendant. Even assuming Defendant's allegations are true, his decision not to testify was the result of a knowing, voluntary, and intelligent waiver of this right.

Next, Defendant alleges that Mr. Africano failed to advise him of a plea offer by the Government of a sentence of 8 to 15 years. Defendant claims that he learned of this plea only from his appellate counsel, Mr. Miller. The Government denies ever offering a plea to Defendant, and Mr. Miller states in an affidavit that no plea was ever offered during his representation. (Doc. 187, Ex. B). As the Magistrate notes, because the Government cannot

guarantee a specific sentence, but can only recommend that the Court take a defendant's cooperation and assistance into account during sentencing, such an offer as claimed by Defendant would be contrary to the standard operating procedures of the Court.

The third ground Defendant raises as ineffective assistance of counsel is the failure of Mr. Miller at sentencing to request "safety valve" relief under 18 U.S.C. § 3553(f).  Under 18 U.S.C. § 3553(f), a defendant has the burden of establishing all five requirements before being eligible for a sentence below the statutory minimum.  As the Magistrate correctly points out, "This is a 'tell-all' provision and places an affirmative responsibility on the defendant to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" (Doc. 194 at 11 (quoting United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004))).  Defendant contends that because 18 U.S.C. § 3553(f) provides that his lack of relevant information does not preclude the application of "safety-valve" relief, the failure to request such relief amounts to ineffective assistance of counsel.  As the Magistrate explains, what little information Defendant provided "hardly approache[d] the kind of truthful disclosure of all evidence and information required by §3553(f)."  Id. at 12.  Therefore, as a reasonable attorney could decide not to pursue such an issue, Defendant fails to demonstrate ineffective assistance of counsel.

Defendant next raises the failure of counsel to object to the Court's polling of jurors following the verdict.  During the polling, the Court asked two jurors who had nodded in affirmance of the verdict to state this verbally for the record.  As the Magistrate succinctly explains, "counsel was not ineffective for failing to make a frivolous objection." Id. at 13.

As the fifth ground for his objection, Defendant alleges that counsel was ineffective for

failing to appeal the denial of the buyer/seller instruction. Because of the length of time of the conspiracy, the amount of drugs involved, and the number of transactions and dealers involved, the refusal to give the buyer/seller instruction met the requirements of the law. Therefore, it was not a meritorious issue for appeal, and well within the reasonable performance of an attorney not to seek appellate review.

The final issue raised by Defendant is the failure of counsel to appeal the withdrawal of Ms. Shannon Miller. Because Ms. Miller chose to withdraw from the representation, and Defendant was given sufficient time for Mr. Africano to prepare for trial, Defendant suffered no prejudice and would not have prevailed on an appeal of this issue. Again, as the Magistrate notes, "This was also not a meritorious appellate issue, and counsel was not ineffective for failing to raise the matter on appeal." Id. at 14.

Therefore, the Court agrees with the Magistrate that none of Defendant's attorneys rendered ineffective assistance either before, during, or after trial. Therefore, having considered the Report and Recommendation and all objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Defendant's motion to vacate is denied.

**DONE AND ORDERED** this   9th   day of August, 2006

                                    *s/Maurice M. Paul*
                          Maurice M. Paul, Senior District Judge